IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT "BOBBY" D. JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-41-L |
| | ) | |
| ARCH INSURANCE CO., a foreign insurance company, | ) ) | Oklahoma County: |
| | ) | Case No. CJ- 2013-6460 |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW, Defendant, Arch Insurance Company, pursuant to 28 U.S.C. § 1441, *et seq.*, and respectfully files this Notice of Removal.

1. On November 22, 2013, Plaintiff commenced an action against Defendant, styled *Robert "Bobby" D. Joyner v. Arch Insurance Co., a foreign corporation*, under Cause No. CJ-2013-6460 in the District Court for Oklahoma County, State of Oklahoma.

2. On December 13, 2013, Plaintiff served Defendant with a copy of the Summons and Petition by certified mail. Copies of these documents are attached hereto as Exhibits "A" and "B," respectively.

3. Defendant files this Notice of Removal within one year of the date the action was originally filed and within thirty (30) days of receipt of the Summons and Petition. Removal is therefore timely under 28 U.S.C. § 1446(b).

4. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff, by and through his designated counsel of record, and to the Clerk of the District Court of Oklahoma County, Oklahoma, as provided in 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties and State Court is attached hereto as Exhibit "C."

### A. Removal Is Proper Based On Diversity Jurisdiction

5. A United States District Court has original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

6. As set forth in the attached Petition, Plaintiff alleges he is a resident and citizen of the State of Oklahoma.

7. Arch Insurance Company is a corporation with its principal place of business outside Oklahoma; and therefore, is not a citizen of the State of Oklahoma for purposes of 28 U.S.C. § 1332(a).

8. Plaintiff and Defendant are citizens of different states. Therefore, complete diversity of citizenship exists between the parties.

9. Plaintiff alleges in his Petition his damages are in excess of $10,000.00. In so pleading, Plaintiff violated the provisions of the Oklahoma Rules of Civil Procedure (12 Okla. Stat. § 2008(A)(2)), which require a Plaintiff to

state whether damages are in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. As set forth in Plaintiff's Petition, Plaintiff is seeking medical charges, loss of earnings, future medical charges, future loss of earnings, physical pain and suffering, and <u>punitive damages</u>.

11. Plaintiff's counsel has expressed in written correspondence he believes this case is worth between $125,000 and $135,000.

12. Based on Plaintiff's description of his damages, and Plaintiff Counsel's representation of the value of this case, Defendant has a good faith basis for believing the amount in controversy is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

13. Because there is complete diversity of citizenship among all named parties, and the amount in controversy exceeds the amount required for diversity jurisdiction, removal is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

**B.  Venue Is Proper In This Court**

14. The Petition was filed in Oklahoma County, Oklahoma. Accordingly, removal to the United States District Court for the Western District of Oklahoma is proper because this Court is in the judicial district and division embracing the place where the state court action was brought and is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant, Arch Insurance Company, respectfully removes this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and requests the Court enter whatever orders and/or judgments it deems necessary to protect its jurisdiction of this case through its completion.

    Respectfully submitted,

    **HOLDEN & CARR**

    *s/ Shad K. Withers*
    Michael L. Carr, OBA #17805
    Shad K. Withers, OBA #22021
    First Place
    15 East 5th Street
    Suite 3900
    Tulsa, Oklahoma 74103
    918.295.8888 (telephone)
    918.295.8889 (facsimile)
    MikeCarr@HoldenLitigation.com
    ShadWithers@HoldenLitigation.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2014 a true and correct copy of the above and foregoing instrument was served on the parties as follows:

| | | | |
|---|---|---|---|
| X | Via U.S. Mail | ☐ | Via Facsimile Mail |
| ☐ | Via Federal Express | ☐ | Via Hand Delivery |

to:

Bryan G. Garrett, OBA 17866
HOLLOWAY, DOBSON, & BACHMAN
One Leadership Square, Suite 900
211 North Robinson
Oklahoma City, OK 73102


*s/ Shad K. Withers*
Shad K. Withers

149.110